JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KEVIN MCKEOWN | PHILADELPHIA GAS WORKS |

| **(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA | County of Residence of First Listed Defendant  PHILADELPHIA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Sidney L. Gold, Esquire<br>Sidney L. Gold & Assoc., P.C.<br>1835 Market St., Suite 515 Phila., PA 19103 215-569-1999 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, PHRA, FMLA, PA COMMON LAW

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  150,000.00 *in excess*

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/16/2018 | /S/ SIDNEY L. GOLD, ESQUIRE |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3019 S. 15th Street, Philadelphia, PA 19145 _____

Address of Defendant: _____ 800 W. Montgomery Avenue, Philadelphia, PA 19122 _____

Place of Accident, Incident or Transaction: _____ 800 W. Montgomery Avenue, Philadelphia, PA 19122 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/16/2018__   */s/ Sidney L. Gold, Esq.*   __21374__
        Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

A.   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: __10/16/2018__   */s/ Sidney L. Gold, Esq.*   __21374__
        Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3019 S. 15th Street, Philadelphia, PA 19145 _____

Address of Defendant: _____ 800 W. Montgomery Avenue, Philadelphia, PA 19122 _____

Place of Accident, Incident or Transaction: _____ 800 W. Montgomery Avenue, Philadelphia, PA 19122 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes ☐　No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/16/2018 _____ /s/ Sidney L. Gold, Esq. _____ 21374 _____
　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* 　*Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.* 　*Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ SIDNEY L. GOLD, ESQUIRE _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 10/16/2018 _____ /s/ Sidney L. Gold, Esq. _____ 21374 _____
　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KEVIN MCKEOWN | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA GAS WORKS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)


| | | |
|---|---|---|
| 10/16/2018 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN MCKEOWN, | : | **CIVIL ACTION NO.:** |
| *Plaintiff,* | : | |
| v. | : | |
| PHILADELPHIA GAS WORKS | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Kevin McKeown ("Plaintiff"), a former employee of Defendant, Philadelphia Gas Works ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.      This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., and Pennsylvania common law.

**II.    JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff's claims are substantively based on the ADA and the FMLA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA and Pennsylvania common law.

5.      All conditions precedent to the institution of this suit have been fulfilled and

Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.  On July

18, 2018, a Notice of Right to Sue was issued by the Equal Employment Opportunity

Commission and this action has been filed within ninety (90) days of receipt of said notice.

**III.    PARTIES:**

6.      Plaintiff, Kevin McKeown ("Plaintiff"), is a citizen of the Commonwealth of

Pennsylvania, residing therein at 3019 S. 15th Street, Philadelphia, Pennsylvania 19145.

7.      Defendant, Philadelphia Gas Works ("Defendant"), was and is now a corporation

duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a

place of business therein at 800 W. Montgomery Avenue, Philadelphia, PA 19122.

8.      At all times relevant hereto, the Defendant was acting through its agents,

servants, and employees, who were acting within the scope of their authority, course of their

employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant is and has been a "person" and

"employer" as defined under the ADA, PHRA, and FMLA, and is accordingly subject to the

provisions of each said act.

10.     At all times material herein, Plaintiff was an "eligible employee" as defined under

the FMLA and was entitled to the protection of the provisions of said Act.

**IV.    STATEMENT OF CLAIMS:**

11.     Plaintiff, a thirty-three (33) year old male individual, was employed by the

Defendant from in or about July of 2013 until on or about October 16, 2017, the date of the

unlawful termination of his employment.

12.     Plaintiff began his employment with the Defendant as a Helper and earned two promotions ultimately attaining the position of Pipe Mechanic/Technician, the position he held at the time of his unlawful termination.  At all times relevant hereto, Plaintiff maintained a satisfactory job performance rating in said capacities.

13.     On or about June 7, 2017, Plaintiff suffered a Left Shoulder Sprain while at work. Said medical condition constitutes a disability pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff's major life activities, including, but not limited to, reaching, sitting, pulling, twisting, lifting, and carrying. Said medical condition also constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act ("FMLA") in that it is a physical condition that involves continuing treatment by a health care provider.

14.     Shortly thereafter, Defendant, through its agents, servants, and employees, began subjecting Plaintiff to discrimination on the basis of his actual and/or perceived disability and/or record of impairment (Left Shoulder Sprain).

15.     On or about June 27, 2017, Plaintiff began experiencing symptoms of Acid Reflux Disease due to the anti-inflammatory drugs his physicians prescribed him to take to treat his Left Shoulder Sprain. As a result, Plaintiff visited Defendant's Medical Department and was seen by Margie LNU ("Margie"), Nurse, who instructed Plaintiff to leave work for the day and to see his Primary Care Physician. Immediately after said appointment and prior to leaving the workplace, Plaintiff notified Kerry Hummel ("Hummel"), Distribution Office Supervisor, of said instructions by the Medical Department and provided Hummel with documentation of the same.

16.     Notwithstanding Defendant's instructions that Plaintiff leave the workplace, on or about June 29, 2017, Defendant issued Plaintiff a disciplinary occurrence for his alleged

3

insubordination in leaving the workplace on or about June 27, 2017. Plaintiff therefore believes that the Defendant's issuance of a disciplinary occurrence for said absence evidences Defendant's discriminatory bias toward Plaintiff based on his actual and/or perceived disability and/or record of impairment (Left Shoulder Sprain).

17.     On or about August 11, 2017, Plaintiff began experiencing exacerbated symptoms of his Left Shoulder Sprain. As a result, Plaintiff visited the Emergency Department of Defendant's Workers' Compensation provider. On said date, Plaintiff was instructed not to return to work until he could be seen by the Workers' Compensation physician.

18.     Again, notwithstanding the instructions of Plaintiff's medical providers, Defendant mandated that Plaintiff return to the workplace on said date to provide medical documentation from the Emergency Department.

19.     In further discrimination, on or about August 14, 2017, Plaintiff informed Monique Williams ("Williams"), Office Supervisor, of the aforementioned appointment with the Workers' Compensation physician. In response thereto, Williams stated, "How many times are you gonna have your shoulder looked at," thereby evidencing her discriminatory animus toward Plaintiff based on his actual and/or perceived disability and/or record of impairment (Left Shoulder Sprain).

20.     On or about August 18, 2017, Plaintiff visited Defendant's Medical Department after his appointment with an Orthopedic Physician.

21.     During said appointment, Margie asked Plaintiff the name of the prescription that his Orthopedic Physician prescribed. When Plaintiff could not recall the exact name of the medication, Margie stated "I'm sick of this. This is bullshit. I'm at the point where I don't even

believe you anymore," thereby further evidencing Defendant's discriminatory animus toward

Plaintiff based on his actual and/or perceived disability and/or record of impairment.

22.     Thereafter, on or about October 10, 2017, Plaintiff visited the Workers'

Compensation physician who ordered that Plaintiff receive a Magnetic Resonance Image

("MRI") of his left shoulder and undergo further physical and/or occupational therapy. On said

date, Plaintiff was also prescribed anti-inflammatory medications to treat his Left Shoulder

Sprain.

23.     On or about October 12, 2017, Plaintiff once again began experiencing symptoms

of Acid Reflux Disease due to said anti-inflammatory medications. As a result, Plaintiff's

Workers' Compensation physician referred Plaintiff to his Primary Care Physician, who excused

Plaintiff from work from on or about October 12, 2017 until on or about October 16, 2017.

24.     On or about October 13, 2017, Williams telephoned Plaintiff and instructed him

to see the Workers' Compensation physician on or about October 15, 2017. Williams further

instructed Plaintiff to go home after said appointment and to return to work on or about October

16, 2017.

25.     On or about October 16, 2017, Plaintiff telephoned Williams to inform her that he

was still experiencing exacerbated symptoms of his Left Shoulder Sprain and to request a

medical leave of absence as a reasonable accommodation for his disability.

26.     Notwithstanding said request for a reasonable accommodation, Defendant again

mandated that Plaintiff hand-deliver the medical documentation from his physicians. Upon

arriving at the workplace, Plaintiff visited the Medical Department and provided the Defendant

with all medical documentation, including, but not limited to, said note from his Primary Care

Physician instructing Plaintiff to remain out of work from on or about October 12, 2017 until on or about October 16, 2017.

27.     Later on said date, Defendant abruptly terminated the employment of Plaintiff allegedly because of the "unauthorized absence" the day prior. Curiously, Williams instructed Plaintiff not to return to the workplace after his appointment the day prior.

28.     Significantly, at no time did Defendant offer Plaintiff leave pursuant to the Family and Medical Leave Act ("FMLA"), thereby interfering with Plaintiff's ability to exercise his rights.

29.     Plaintiff believes and avers that the Defendant's articulated reason for his termination is pretextual and that he was actually terminated based on his actual and/or perceived disabilities and/or record of impairment (Left Shoulder Strain) and/or in retaliation for requesting a reasonable accommodation for his disabilities and/or filing or expressing his intent to file a claim for workers' compensation benefits.

## COUNT I
### (ADA – Disability Discrimination Failure to Accommodate, Failure to Engage in the Interactive Process, Hostile Work Environment) Plaintiff v. Defendant

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of his Complaint as though fully set forth herein.

31.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination and a hostile work environment on the basis of his actual and/or perceived disabilities and/or record of impairment, failing to provide a reasonable accommodation for his disability, and failing to engage in the interactive process, constituted violations of the ADA.

32.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

33.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(ADA - Retaliation)**
**Plaintiff v. the Defendant**

34.     Plaintiff incorporates by reference paragraphs 1 through 33 of his Complaint as though fully set forth herein.

35.     The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff for requesting a reasonable accommodation for his disabilities, constituted a violation of the ADA.

36.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

37.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA - Disability Discrimination, Failure to Accommodate, Failure to Engage in the Interactive Process, Hostile Work Environment)
### Plaintiff v. the Defendant

38.     Plaintiff incorporates by reference paragraphs 1 through 37 of his Complaint as though fully set forth herein.

39.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination and a hostile work environment on the basis of his actual and/or perceived disabilities and/or record of impairment, failing to provide a reasonable accommodation for his disability, and failing to engage in the interactive process, constituted violations of the PHRA.

40.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

41.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (PHRA - Retaliation)
### Plaintiff v. the Defendant

42.     Plaintiff incorporates by reference paragraphs 1 through 41 of his Complaint as though fully set forth herein.

43.     The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff for requesting a reasonable accommodation for his disabilities, constituted a violation of the PHRA.

44.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

45.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT V**
**(FMLA)**
**Plaintiff v. the Defendant**

46.     Plaintiff incorporates by reference paragraphs 1 through 45 of his Complaint as though fully set forth herein.

47.     The actions of the Defendant, through its agents, servants and employees, in interfering with and/or restraining Plaintiff's ability to exercise his rights under the FMLA, constituted a violation of the FMLA.

48.     The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff's rights.

49.     As a direct result of the willful, wanton, reckless, careless and negligent

9

acts of the Defendant, as aforesaid, Plaintiff has suffered a loss of earnings, plus the value of

certain benefits, plus loss of future earning power, plus back pay, front pay and interest due

thereon.

## COUNT VI
**(Wrongful Discharge – Violation of Pennsylvania Public Policy)**
**Plaintiff v. Defendant**

50.     Plaintiff incorporates by reference paragraphs 1 through 49 of his Complaint as

though fully set forth at length herein.

51.     The actions of the Defendant, through its agents, servants and employees, in

terminating Plaintiff in retaliation for expressing an intent to file and/or filing a claim for

workers' compensation benefits, constituted a violation of the public policy of the

Commonwealth of Pennsylvania as articulated through the Workers' Compensation Act, 77 P.S.

§ 1 et seq.

52.     The wrongful termination of Plaintiff's employment by the Defendant, through its

agents, servants and employees, was willful, malicious, wanton and in bad faith and in reckless

disregard of Plaintiff's rights and interests.

53.     As a direct result of the willful, wanton, reckless, careless and negligent acts of

the Defendant, acting as aforesaid, Plaintiff has suffered severe emotional and psychological

distress, discomfort, embarrassment, injury, pain and suffering as well as a loss of earnings,

financial detriment and loss.

54.     By reason of the willful and malicious acts of the Defendant, acting as aforesaid,

the Plaintiff is entitled to punitive damages in addition to compensatory damages, both of which

he hereby claims of the Defendant.

## PRAYER FOR RELIEF

55. Plaintiff incorporates by reference paragraphs 1 through 54 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination.

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
**Attorney for Plaintiff**

DATE:  October 16, 2018

## **VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 10/3/18

KEVIN MCKEOWN, PLAINTIFF